[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 147.]

CLEVELAND BAR ASSOCIATION ET AL. *v*. KELLEY.

[Cite as *Cleveland Bar Assn. v. Kelley*, 1994-Ohio-77.]

*Attorneys at law—Misconduct—Two-year suspension with one year held in abeyance with attorney placed on probation during that year with conditions—Conduct prejudicial to the administration of justice—Improper division of fees without client's consent—Handling legal matter without adequate preparation—Neglect of an entrusted legal matter—Failure to carry out contract of employment.*

(No. 94-895—Submitted October 25, 1994—Decided December 14, 1994.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-35.

_____

{¶ 1} In a complaint filed on June 22, 1992, relators, Cleveland Bar Association and the Cuyahoga County Bar Association, charged respondent Elliott Ray Kelley of Cleveland, Ohio, Attorney Registration No. 0009587, with seven counts of disciplinary violations. However, relators subsequently withdrew Count Three. In his initial and amended answers, respondent admitted many facts alleged in the complaint, disputed others, and added explanations.

{¶ 2} On June 4, and September 28, 1993, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") held hearings on the matter. The complaint, answer, stipulations, and evidence at the hearings established that respondent failed, as charged in Count One, to comply with several orders of the United States Bankruptcy Court. That court's orders in 1989 through 1991 required respondent to take specifically named steps to bring his caseload current. The bankruptcy court further restricted the number of Chapter 13 cases respondent could file each month, but respondent exceeded those limits.

Respondent also circumvented bankruptcy court orders by having another attorney file cases for him.

{¶ 3} As charged in Count Two, respondent undertook to represent upon appeal a man convicted of rape, and that conviction was affirmed by the court of appeals. Respondent then filed a notice of appeal before the Ohio Supreme Court, but failed to pursue that appeal or withdraw from representation. That appeal was dismissed for lack of prosecution. In Count Six, respondent filed on behalf of his client an assault complaint against a city and its building commissioner. Thereafter, respondent failed to respond to the opposition's summary judgment motion, and judgment was entered against his client.

{¶ 4} Counts Four, Five and Seven all concern respondent's representation of clients in Chapter XIII bankruptcy proceedings. Respondent's client in Count Four fell behind in payments on a land contract, but respondent failed to take available measures to protect his client's substantial equity rights under that contract. In Count Five, respondent's inaction in handling his client's bankruptcy proceedings caused the dismissal of her case and the repossession of her automobile. In Count Seven, respondent had another attorney file his client's Chapter XIII case without his client's knowledge. Thus, respondent had violated bankruptcy court orders restricting respondent's practice.

{¶ 5} The panel concluded that respondent's conduct in Counts One and Seven had violated DR 1-102(A)(5)(conduct prejudicial to the administration of justice). Also, respondent's conduct in Count One demonstrated an improper division of fees without his client's consent in violation of DR 2-107(A)(2). Respondent's conduct in Counts One, Four, and Five had violated DR 6-101(A)(2)(handling a legal matter without preparation adequate in the circumstances). Additionally, his conduct in Counts One, Two, Four, Five, and Six violated DR 6-101(A)(3) (neglect of an entrusted legal matter). As to Count Five, respondent had also violated DR 7-101(A)(2)(failing to carry out a contract of

employment). However, the panel found insufficient evidence to demonstrate a violation of former Gov.Bar R. V (5)(a)(now Gov. R.V[4][G](failure to cooperate in investigation).

{¶ 6} The panel believed respondent "was a well meaning person" who undertook to represent those "who would otherwise find it difficult to obtain representation except through publicly funded" sources. Although respondent had practiced law for over thirty years, he had undertaken "a workload which was impossible for him to properly manage." Yet, when ordered by the bankruptcy court to limit his filings, respondent did not comply with this order. The panel recommended that respondent be suspended from the practice of law for two years, that he actually serve six months of that penalty, and that he be placed on probation for the remaining eighteen months, on the conditions that one of the relators closely monitor respondent's probation, that he have no probation violation during this period of time, and that respondent obtain CLE credits in law office management and debtor practice during his suspension and probation.

{¶ 7} The board adopted the panel's findings of fact and conclusions of law. Because of the number of disciplinary violations, however, the board recommended that only one year of a two-year suspension be suspended with respondent being placed on probation for that year on the conditions recommended by the panel.

———————————

*Stanley E. Stein*, *Edward J. Maher* and *Michael J. Honohan*, for relators.
*Elliott R. Kelley*, *pro se*.

———————————

*Per Curiam.*

{¶ 8} We concur with the board's findings, conclusions and recommendations. Accordingly respondent is suspended from the practice of law in Ohio for two years, but one year of that suspension is held in abeyance, and

respondent will be placed on probation during that year upon the conditions recommended by the board.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____